IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY JAMES BRAXTON,

                Plaintiff,

v.                                              Civil Action No.  2:22-cv-359

EARL SYLVESTER YOUNG, et al.,

                Defendants.

**ORDER**

      This matter is before the Court on the Motion to Recuse filed by Plaintiff Anthony James Braxton ("Plaintiff" or "Mr. Braxton"), who is proceeding *pro se*. (ECF No. 4.) Therein, Mr. Braxton requests that the undersigned enter an order recusing himself from this civil action as well as all other cases that Mr. Braxton has filed—and, additionally, all other cases that Mr. Braxton may file in the future—in the U.S. District Court for the Southern District of West Virginia. *Id*. at 4. Additionally, Mr. Braxton requests "SPECIAL ASSIGNMENT TO THE HUNTINGTON DIVISION, since there is no conflict of interest at the Huntington division." *Id*. For the reasons set forth herein, Mr. Braxton's motion is **DENIED**.

    **I.**    **BACKGROUND**

      Mr. Braxton initiated this civil action on August 29, 2022. (ECF No. 2.) Seventeen days later on September 15, 2022—before any action was taken by the Court—Mr. Braxton

filed the subject motion to recuse, along with an attached "Declaration" in support. (ECF Nos. 4; 5.) Therein, Mr. Braxton states his opinion that "[i]t is a conflict of interest" for the undersigned to make rulings in *any* case in which Mr. Braxton is a party, "because, [he] ha[s] said to[o] much" and therefore does not think he "will be given a fair ruling from [the undersigned]." (ECF No. 5 at 1.) In support of his opinion, Mr. Braxton explained that he disagreed with Judge Tinsley's rulings in an unnamed previous case "that is on appeal to the Fourth Circuit Court right now." *Id.* Further, Mr. Braxton stated the following in support of the subject motion:

> Judge Tinsley is a wonderful judge, one of the most professional judges in the District Court division, but I can not think that I can get a fair ruling from [J]udge Tinsley, after all the things that has happened. I was clearly wrong for not knowing how to respond to a ruling that was wrong, unfortunately I have no time machine to go back in time and undo the things I said about what I was observing, now I understand that [J]udge Tinsley, and District Court Judges, do not like me as a person, but I ask you all not to hate me, I know you all want to punish me any way you all can.

*Id.* Mr. Braxton did not elaborate on what statement or statements he purportedly made to the undersigned that forms the basis for his motion, and the record is devoid of any further information from which Plaintiff's meaning could be gleaned.

## II.   ANALYSIS

Plaintiff's motion fails because he did not identify facts which would satisfy the showing that a reasonable person with knowledge of all the circumstances would question the undersigned's impartiality. Federal statute sets forth the general statutory standard for recusal, providing that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Stated another way, "[t]he proper test to be applied is

whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality[.]" *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

The "nature" of the judge's purported bias "must be personal and not judicial." *Feather-Gorbey v. Warden, USP Thompson*, 5:22-cv-7, 2023 WL 170806, at *1 (S.D. W. Va. Jan. 12, 2023) (citing *In re Beard*, 811 F.2d at 827). Thus, the mere fact that a judge made "previous judicial rulings"—without more—is insufficient to meet the requisite standard; as the U.S. Supreme Court explained, "not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings . . . since [the judge's] knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task." *Liteky v. United States*, 510 U.S. 540, 550-51 (1994). Indeed, even "comments that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases" will support recusal only when they reveal that the judge's opinion is derived from an extrajudicial source or if they reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 555.

In addition to the general impartiality standard set forth in § 455(a), the statute provides a list of specific circumstances in which recusal is required, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Similar to its counterpart, disqualification under § 455(b)(1) is measured by an objective standard and is generally limited to circumstances where such bias or prejudice "stem[s] from a source outside the judicial proceeding at hand." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky*, 510 U.S. at 545-51). Likewise, the U.S. Supreme Court explained that "judicial rulings alone almost never constitute a valid basis for a bias or

3

partiality motion." *Liteky*, 510 U.S. at 555. Finally, as the Fourth Circuit recently reiterated, "[a] presiding judge is not required to recuse himself simply because of unsupported or highly tenuous speculation." *Megaro v. McCollum*, 66 F.4th 151, 162 (4th Cir. 2023) (citing *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)).

In his subject motion, Plaintiff fails to point to any extrajudicial source of bias or prejudice warranting recusal of the undersigned under §§ 455(a) or (b)(1). Rather than setting forth facts, Mr. Braxton merely relies upon unsupported or highly tenuous speculation based upon previous judicial rulings. None of these bear on whether the undersigned is impartial in this case. As previously mentioned, mere disagreement with judicial rulings and unsupported, irrational, or highly tenuous allegations of bias, without more, are insufficient to warrant recusal. *Feather-Gorbey*, 2023 WL 170806, at *2 (citing *Cherry*, 330 F.3d at 665). Accordingly, the undersigned **FINDS** that Plaintiff's motion is unsupported and insufficient to raise the appearance of any impropriety to a reasonable observer.

### III. CONCLUSION

Accordingly, for the reasons set forth hereinabove, Mr. Braxton's Motion to Recuse (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to Plaintiff at his address of record.

ENTER: August 17, 2023

Dwane L. Tinsley
United States Magistrate Judge