```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

Anthony James Braxton,

      Plaintiff,

v.                                    Civil Action No. 2:22-cv-359

Earl Sylvester Young and
Donna P. Nicholas,

      Defendants.

## ORDER

Pending before the court is the Proposed Findings and Recommendation ("PF&R") of United States Magistrate Judge Dwane L. Tinsley, entered on August 18, 2023.

The Magistrate Judge recommends denying Mr. Braxton's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. 1, and dismissing the complaint, ECF No. 2, for want of subject matter jurisdiction. On September 5, 2023, Mr. Braxton filed objections to the PF&R. ECF No. 8.

Upon the filing of an objection to a PF&R, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In reviewing the PF&R, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Id. Failure to object to a PF&R constitutes waiver of de novo review, in which case the court reviews the PF&R for clear error. See Fed. R. Civ. P. 73 Advisory Committee notes.

Mr. Braxton's objections, like his complaint, are "interspersed with a number of scandalous, irrelevant assertions." PF&R at 2 n.2. Notwithstanding Mr. Braxton's unconventional presentation, it appears Mr. Braxton raises two objections to the PF&R: (1) subject matter jurisdiction exists pursuant to 18 U.S.C. § 2261A, a federal anti-stalking law, ECF No. 8 at 1-3, and (2) he is entitled to proceed in forma pauperis. Id. at 4. Each is considered in turn.

The subject-matter jurisdiction of the federal courts exists to the extent it is authorized by the Constitution of the United States or a federal statute. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). Where subject-matter jurisdiction is lacking, the court must dismiss the action. Id.

Mr. Braxton does not object to the Magistrate Judge's finding that the complaint fails to adequately plead diversity jurisdiction under 28 U.S.C. § 1332. In lieu of an objection, the court adopts the Magistrate Judge's finding as to the lack of diversity jurisdiction.

Mr. Braxton argues federal question jurisdiction exists under 18 U.S.C. § 2261A.  Although Mr. Braxton does not invoke § 2261A in his complaint, the Magistrate Judge's reasoning as to why federal question jurisdiction is absent under the laws Mr. Braxton does invoke is equally applicable to § 2261A.  In our judicial system, federal crimes are not prosecuted by private individuals.  <u>Connecticut Action Now, Inc. v. Roberts Plating Co.</u>, 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government.").  Inasmuch as § 2261A is a criminal statute, violations of that law may be criminally prosecuted by the federal government, not private individuals.  Mr. Braxton's argument that he intends to prosecute a civil action under § 2261A is also unavailing.  "Case law is . . . unanimous that no private right of action is available under § 2261A."  <u>Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup</u>, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) (collecting cases).  For the foregoing reasons, the court OVERRULES Mr. Braxton's objection.

To the extent Mr. Braxton objects to the Magistrate Judge's denial of his application to proceed <u>in forma pauperis</u> by stating, "I do not have extra money to pay for filing fees, and I have a right to the courts even if I am poor," denial of

the application to proceed in forma pauperis makes good sense where, as here, granting the application would be futile inasmuch as subject-matter jurisdiction is lacking.  Mr. Braxton's objection therefore is OVERRULED.

Accordingly, it is ORDERED that the PF&R be, and hereby is, adopted by the court and incorporated herein.  It is, therefore, ORDERED that the Plaintiff's complaint and this action be, and hereby are, dismissed without prejudice.

The Clerk is directed to transmit copies of this order to any unrepresented parties, all counsel of record, and the United States Magistrate Judge.

ENTER: September 7, 2023

John T. Copenhaver, Jr.
Senior United States District Judge